## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------------------

RIVERKEEPER, INC.,

        Plaintiff,

v.

ALL ABOUT RECYCLING, INC.; GENTILE
CONSTRUCTION CORP.; ALL COUNTY MOBILE
CONCRETE, INC.; JOSEPH GENTILE, JR.; and JOHN
BERNAL, JR.,

        Defendants.

----------------------------------------------------------------------------------------------

Case No. 22-cv-6607

**CONSENT DECREE**

WHEREAS, Plaintiff Riverkeeper, Inc. ("Riverkeeper") is a not-for-profit environmental organization organized under the laws of the State of New York with a principal place of business in Ossining, New York.

WHEREAS, Defendant All County Mobile Concrete, Inc. is a corporation incorporated under the laws of the State of New York that owns and operates a concrete manufacturing business (the "ACMC Operation"), which operates at 451–455 Old Nepperhan Avenue, Yonkers, NY 10703 (the "Facility").

WHEREAS, Defendant John Bernal, Jr. is the President of All County Mobile Concrete, Inc. and is the officer responsible for Clean Water Act ("CWA") compliance by the ACMC Operation at the Facility.

WHEREAS, Defendant All County Mobile Concrete, Inc. and Defendant John Bernal, Jr. (collectively, "Defendants") discharged polluted stormwater associated with industrial activities from the Facility into waters of the United States, including the Saw Mill River, a navigable water of the United States that in turn discharges to the Hudson River.

WHEREAS, Defendants have operated the ACMC Operation for many years without coverage under the General Permit for the Discharge of Stormwater Associated with Industrial Activity ("MSGP") issued by the New York State Department of Environmental Conservation ("DEC"), Permit No. GP-0-17-004 or an individual Clean Water Act permit.

WHEREAS, Riverkeeper sent a notice of intent to sue Defendants (the "Notice Letter") on June 2, 2022, and filed a complaint (the "Complaint") on August 3, 2022, alleging violations of the Clean Water Act Sections 301 and 402, 33 U.S.C. §§ 1311(a), 1342, by, *inter alia*, discharging polluted stormwater associated with industrial activity without coverage under the

MSGP and failing to comply with the conditions of the MSGP, seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

WHEREAS, Defendants have informed Riverkeeper that they have ceased activities that are out of compliance with the Clean Water Act and are in the process of moving the ACMC Operation to a new location, 208-210 South Terrace Avenue, Mount Vernon, New York 10550.

WHEREAS, Defendant All About Recycling, Inc. is the owner of the real property associated with the Facility, has been Defendants' landlord, and is not party to this agreement.

WHEREAS, Defendants Gentile Construction Corp. and Joseph Gentile, Jr. are not parties to this agreement.

WHEREAS, without any concession or admission by Defendants that they have violated the Clean Water Act, or any concession or admission by Riverkeeper that Defendants' implementation of the measures listed below will prevent all discharge of polluted stormwater or will assure compliance with the terms and conditions of the MSGP, Riverkeeper and Defendants (collectively, "the Parties") agree that it is in their mutual interest to resolve this matter without the taking of evidence or findings of fact or law, and the Parties would like to avoid prolonged and costly litigation.

WHEREAS, this Decree shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency (collectively, the "Agencies") for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendants of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

1.     The effective date (the "Effective Date") of this Decree shall be the date upon which this Decree is entered by the Court following review by the Agencies.

2.     Defendants shall vacate the Facility and remove any significant materials from the Facility.

3.     Within seven (7) days of vacating the Facility, Defendants shall provide a certification to Riverkeeper that they have vacated the Facility and that all significant materials have been removed from the Facility, signed by either All About Recycling or a qualified stormwater professional that has inspected the Facility.

4.     Defendants shall pay a sum of twelve thousand and five hundred dollars ($12,500) as full and complete satisfaction of Riverkeeper's claims for attorneys' fees and costs incurred to date, including investigative and expert costs.  Payment may be made by check or wire transfer.  If by check, the check shall be sent via certified mail, or similar service with

tracking and shall be payable to "Super Law Group, LLC Attorney Trust - IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Riverkeeper. Defendants shall pay $2,500 within five (5) business days of the Effective Date, and Defendants shall pay the balance of $10,000 on or before December 31, 2023.

5.      Riverkeeper shall file the attached stipulation of dismissal with prejudice within ten (10) business days of Defendants completing their obligations under Paragraphs 2–4.

6.      Upon Court approval and entry of the stipulation of dismissal, Riverkeeper covenants not to sue and releases Defendants (including their representatives, assigns, agents, employees, officers, attorneys and consultants) from any and all claims, causes of action, or liability under CWA Section 505, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, or any other claim or relief (a) relating to or resulting from allegations and claims set forth in the Notice Letter, and (b) for any past violations at the Facility of the Clean Water Act's stormwater provisions alleged, or that could have been alleged, in the Complaint.  This Paragraph does not constitute a waiver or release of any claims relating to the enforcement of this Decree.

7.      Riverkeeper does not waive its right to bring a future action based on stormwater discharges that occur after the Effective Date.

8.      Defendants release and discharge Riverkeeper and its representatives, assigns, agents, employees, officers, attorneys and consultants, including those who have held positions in the past, from any and all claims, liability, demands, penalties, costs, and causes of action of any nature which concern or are connected with this action.

9.      Riverkeeper does not by consent to this Decree warrant or aver in any manner that Defendants' compliance with this Decree shall constitute or result in compliance with federal or state law or regulation.  Nothing in this Decree shall be construed to affect or limit in any way the obligations of Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Decree.

10.     Riverkeeper does not waive its right to bring a future action for injunction or declaratory relief, penalties, and attorneys' fees and costs based on stormwater discharges that occur after the Effective Date.

11.     Notwithstanding the filing of a stipulation of dismissal and any subsequent orders, this Court shall retain and shall have jurisdiction over the Parties to this Decree for the resolution of any disputes that may arise under this Decree.  This Court shall also allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree.

12.     Upon the expiration of the forty-five (45) day review period provided by 33 U.S.C. §1365(c)(3), the Parties shall move the Court for entry of this Decree.  If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to

3

continue negotiations in good faith to cure any objection to entry of this Decree raised by the Court.

13.     This Agreement is the product of arms' length negotiations and represents the complete agreement of the Parties with respect to the matters covered herein and fully supersedes any and all prior agreements with respect to the matters covered herein. No other agreement, either oral or written, express or implied, prior or contemporaneous, exists with respect to the matters covered by this Agreement.

14.     Each person signing this Agreement, including but not limited to any person signing as counsel for a Party, hereby represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind his or her employer, principal or respective client to the terms and conditions of this Agreement, provided, however, that the execution of this Agreement, on behalf of the Party, is subject to the approval of the Court.

15.     The Parties agree that each Party and its counsel, if any, have reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

16.     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall not be deemed to be a part hereof.

17.     No modification or amendment of this Agreement shall be binding or enforceable unless in writing and signed by all Parties.

18.     This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19.     The following Exhibits are attached to this Decree and made a part hereof:

   a.   Exhibit A: Stipulation of Voluntary Dismissal

Dated: 6/12/23 _____         All County Mobile Concrete, Inc.


                                       _____
                                       By:
                                       Title:


Dated: 6/12/23 _____         John Bernal, Jr.


                                       _____
                                       By:
                                       Title:


Dated: _____         Riverkeeper, Inc.


                                       _____
                                       By:
                                       Title:



ENTERED and DATED this ___ day of _____, 2023


                                       _____
                                       Honorable _____
                                       United States District Judge

Dated: _____        All County Mobile Concrete, Inc.


                                      _____
                                      By:
                                      Title:

Dated: _____        John Bernal, Jr.


                                      _____
                                      By:
                                      Title:


Dated: 6/9/2023 _____       Riverkeeper, Inc.

                                      _____
                                      By: Victoria Leung
                                      Title: Staff Attorney


ENTERED and DATED this  1  day of  August   , 2023

                                      _____
                                      Honorable  Philip M. Halpern
                                      United States District Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

RIVERKEEPER, INC.,
               Plaintiff,

v.

ALL ABOUT RECYCLING, INC.; GENTILE
CONSTRUCTION CORP.; ALL COUNTY MOBILE
CONCRETE, INC.; JOSEPH GENTILE, JR.; and JOHN
BERNAL, JR.,
               Defendants.

---------------------------------------------------------------

Case No. 22-cv-6607

**NOTICE OF VOLUNTARY
DISMISSAL**

**NOTICE OF VOLUNTARY DISMISSAL**

      In accordance with Federal Rule of Civil Procedure 41(a)(1) Riverkeeper gives notice to

the Court and all parties in the above-captioned action, through undersigned counsel, that the

action, and all causes of action that were or could have been asserted herein, be withdrawn,

discontinued, and dismissed, with prejudice, as against defendants All County Mobile Concrete,

Inc. and John Bernal, Jr.

Dated: _____
**SUPER LAW GROUP, LLC**
Counsel to Plaintiff

By: _____
Julia Muench
222 Broadway, 22nd Floor
New York, NY 10038

ENTERED and DATED this ___ day of _____, 2023