**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RIVERKEEPER, INC.<br>　　　　　Plaintiff,<br><br>v.<br><br>ALL ABOUT RECYCLING, INC.; GENTILE CONSTRUCTION CORP.; ALL COUNTY MOBILE CONCRETE, INC.; JOSEPH GENTILE, JR.; and JOHN BERNAL, JR.,<br>　　　　　Defendants. | Case No. 22-cv-6607<br><br>~~(PROPOSED)~~<br>CONSENT DECREE |

---

　　　　WHEREAS, Plaintiff Riverkeeper, Inc. ("Riverkeeper") is a not-for-profit environmental organization organized under the laws of the state of New York, with its principal place of business in Ossining, New York.

　　　　WHEREAS, Defendant All About Recycling, Inc. is a corporation incorporated under the laws of the State of New York that participates in ownership and operation of the industrial facility located at 451–455 Old Nepperhan Avenue, Yonkers, NY ("the Facility").

　　　　WHEREAS, Defendant Gentile Construction Corp. is a corporation incorporated under the laws of the State of New York that participates in ownership and operation of the Facility.

　　　　WHEREAS, Defendant Joseph Gentile, Jr. is the Chief Executive Officer of All About Recycling, Inc. and Gentile Construction Corp. and is responsible for the day-to-day operations of the Facility.

　　　　WHEREAS, Defendants All County Mobile Construction Corp. and John Bernal, Jr. will be resolved by separate agreement.

　　　　WHEREAS, the above Persons discharge polluted stormwater associated with industrial activities from the Facility into waters of the United States, including the Saw Mill River, a navigable water of the United States that in turn discharges to the Hudson River.

　　　　WHEREAS, at the Facility, Defendants All About Recycling Corp., Gentile Construction Corp., and Joseph Gentile, Jr. (hereinafter, "Defendants") conduct industrial activities described under the Standard Industrial Classification ("SIC") Codes of 3273 (ready mix concrete), 5093 (scrap and waste recycling), and 4226 (land transportation), and therefore any discharge of stormwater associated with activities at the Facility is subject to the General Permit for the Discharge of Stormwater Associated with Industrial Activity ("General Permit") issued by the New York State Department of Environmental Conservation ("DEC"), Permit No. GP-0-17-004.

WHEREAS, Defendants operated the Facility for many years without coverage under the General Permit or an individual Clean Water Act permit.

WHEREAS, Riverkeeper sent a notice of intent to sue Defendants (the "Notice Letter") on June 2, 2022, and filed a complaint (the "Complaint") on August 3, 2022, alleging violations of the Clean Water Act ("CWA") Sections 301 and 402, 33 U.S.C. §§ 1311(a), 1342, by, *inter alia*, discharging polluted stormwater associated with industrial activity without coverage under the General Permit and failing to comply with the conditions of the General Permit, seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

WHEREAS, Riverkeeper has entered and inspected the Facility and the Parties have exchanged information regarding compliance with the Clean Water Act at the Facility.

WHEREAS, Defendants submitted to DEC a Notice of Intent to be covered under the General Permit on August 12, 2022. Coverage under the General Permit is currently effective at the Facility.

WHEREAS, Defendants' Facility is downgradient from an industrial facility owned and operated by State Contracting Corp. of NY, d/b/a Capital Industries Corp. ("Capital facility").

WHEREAS, the Capital facility is the facility at issue in *Riverkeeper, Inc. v. State Contracting Corp. of NY, et al.*, No. 22-cv-6911 (S.D.N.Y.), in which Riverkeeper has alleged violations of CWA Sections 301 and 402, 33 U.S.C. §§ 1311(a), 1342, by, *inter alia*, discharging polluted stormwater associated with industrial activity without coverage under the General Permit and failing to comply with the conditions of the General Permit, seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

WHEREAS, Defendants represent that stormwater from the Capital facility discharges stormwater onto the premises of Defendants' Facility.

WHEREAS, without any concession or admission by Defendants that they have violated the Clean Water Act, or any concession or admission by Riverkeeper that Defendants' implementation of the measures listed below will prevent all discharge of polluted stormwater or will assure compliance with the terms and conditions of the General Permit, Riverkeeper and Defendants (collectively, "the Parties" or individually "Party") agree that it is in their mutual interest to resolve this matter without the taking of evidence or findings of fact or law, and the Parties would like to avoid prolonged and costly litigation.

WHEREAS, this Decree shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency ("EPA") for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendants of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

**I.     DEFINED TERMS**

The defined terms set forth in the foregoing recitals are hereby incorporated into the body of this Decree and are made a part hereof.  Terms used in this Decree that are defined in the Clean Water Act, its implementing regulations, and the General Permit shall have the meanings assigned to them therein, unless otherwise provided in this Decree.  In addition, the following terms used in this Decree have the meaning set forth below:

1. **Effective Date.**  The date upon which this Decree is entered by the Court.

2. **Term of this Decree**.  The period beginning on the Effective Date and ending three (3) years from the Effective Date, unless a payment or other affirmative duty under this Decree is not completed in which case the Decree extends until those obligations are completed.

3. **The Facility**.  The real property associated with the industrial facility located at 451–455 Old Nepperhan Avenue, Yonkers, NY, and property adjacent to such property that is subject to allegations in the Complaint.

4. **SWPPP.**  Stormwater Pollution Prevention Plan, as defined in the General Permit.

5. **Operative SWPPP.**  The most recent version of the SWPPP.  At the time of signing, the Operative SWPPP is the SWPPP attached hereto as Exhibit A.

**II.    JURISDICTION AND VENUE**

6. **Jurisdiction.**  Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction).  Riverkeeper has standing and has complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2.  An actual, justiciable controversy exists between Riverkeeper and Defendants.  The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

7. **Venue.**  Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because the events giving rise to this action occurred at the Facility and in the Saw Mill River and New York Harbor watersheds, navigable waters of the United States, that are located within this judicial district.

8. **Consent.**  For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree and any such action and over Defendants.  For purposes of this Decree, Defendants consent to venue in this judicial district.

### III.     COVERAGE UNDER THE GENERAL PERMIT

9. **Compliance with SWPPP and the General Permit.**  Defendants will implement the Operative SWPPP at the Facility in compliance with the terms of the General Permit, which is hereby incorporated into this Decree, and the Clean Water Act.  A failure to adhere to the Operative SWPPP and/or the General Permit is a violation of this Decree.

10. **SWPPP Implementation.**  The SWPPP attached hereto as Exhibit A shall be fully implemented within three (3) months of the Effective Date.  Defendants shall provide Riverkeeper with an Implementation Report, prepared by a qualified stormwater professional, attesting to implementation of the SWPPP within thirty (30) days of completion.  The Report shall include:
    a. A summary of newly-implemented Best Management Practices ("BMPs");
    b. Photographs of all BMPs added or improved;
    c. A certification that the professional has visited the Facility in the month prior to submission of the Implementation Report;
    d. A certification that, during the professional's last visit, all BMPs described in the revised SWPPP were in good working order and all housekeeping measures appeared to be taking place.

11. **SWPPP Amendments.**  If, during the Term of this Decree, Defendants amend the SWPPP, or are required to amend the SWPPP for any reason, including but not limited to the reasons enumerated in the General Permit, Defendants shall provide written notice to Riverkeeper within fifteen (15) days of the amendment and shall provide Riverkeeper with all documents related to such amendment.  BMPs in the SWPPP attached hereto as Exhibit A may not be removed without Riverkeeper's approval.

12. **Schedule of Compliance – Riverkeeper's Covenant not to Sue.**  The General Permit requires aspiring permittees to prepare and fully implement a SWPPP before they are eligible to seek coverage under the General Permit.  In deference to practical considerations, the Consent Decree allows a three (3) month period for Defendants to complete all structural modifications.  Therefore, this Decree requires Defendants to seek permit coverage before fully implementing their SWPPP.  Provided that the structural modifications described in the SWPPP are completed on schedule, Riverkeeper hereby covenants not to prosecute Defendants' failure to fully implement a SWPPP before seeking coverage under the General Permit and covenants not to challenge Defendants' status under the General Permit during this initial period until the SWPPP is fully implemented.

13. **Implemented Stormwater Controls.**  Defendants shall maintain in good working order all stormwater collection and treatment systems currently installed or to be installed pursuant to this Consent Decree, including but not limited to existing housekeeping measures.

## IV. MONITORING PROGRAM

14. **Additional Monitoring.**  In addition to the inspections, monitoring, and reporting required under the General Permit and set forth in the Operative SWPPP, Defendants agree to perform the following additional monitoring described herein during the Term of this Decree.

15. **Sampling Points.**  The sampling points shall be those described in the Operative SWPPP.

16. **Sampling Frequency.**  Defendants will sample and analyze stormwater discharges from one qualifying storm event that results in discharge in each quarter for all applicable benchmarks and numeric effluent limitations.

17. **Sampling Methodology.**  Defendants will take samples at each sampling point in a manner that is consistent with the requirements and protocols set forth in the General Permit.  Defendants may report this sampling as part of the stormwater monitoring required by the General Permit.

18. **Recordkeeping.**  Defendants will comply with the reporting and recordkeeping requirements of the General Permit.  Defendants shall maintain written documentation at the Facility describing all inspections and assessments required under applicable provisions of the General Permit or of this Decree.

19. **Photographs of Quarterly Inspections.**  While conducting routine quarterly inspections of BMPs (required by Part IV.B of the General Permit) and quarterly visual monitoring (required by Part IV.E of the General Permit), Defendants will photograph:
    a. Each BMP;
    b. Any deficiencies in the implementation and/or adequacy of the BMPs;
    c. Each visual monitoring sample in a completely clear and transparent container, with a view from above and from the side of the container; and
    d. Any corrective actions taken in accordance with Part V of the General Permit.

20. **Results sent to Plaintiff.**  Defendants will send to Riverkeeper a copy of every inspection record made, every sampling result and photograph taken, every BMP maintenance log, and every employee training log produced in accordance with the SWPPP and the General Permit during the Term of this Decree once per calendar year, no later than February 1 of the following year or on the last day during which this Decree is in effect, whichever is sooner, unless earlier reporting of an exceedance or violation is required pursuant to Section V.

21. **Provision of Government Documents to Riverkeeper.**  During the Term of this Decree, Defendants shall provide Riverkeeper with copies of any documents or correspondence that are exchanged with any government agency, including but not limited to DEC and EPA, that are related to discharges of pollution from the Facility to waterbodies or sewers of any kind or Clean Water Act compliance.

5

a. Routine inspection reports, monitoring data and reports, and certifications shall be submitted to Riverkeeper on or before February 1 of the following year or on the last day during which this Decree is in effect, whichever is sooner, including but not limited to:
   i. Documents and correspondence related to Defendants' SPDES/NPDES permit coverage at the Facility;
   ii. Annual reports, including the Annual Certification Report required under the General Permit; and
   iii. Monitoring or sampling data.
b. Records of an exceedance, permit violation, government inspection report, or public or government complaint regarding the Facility shall be submitted to Riverkeeper within fifteen (15) days, including, but not limited to:
   i. Data related to discharges of industrial wastewater or industrial stormwater to the sanitary sewer system, if any; and
   ii. Reports of spills or other incidents that may result in discharge of pollutants to a waterbody or sewer;
   iii. Documents relating to inspections conducted by any governmental agency that relate to industrial wastewater or industrial stormwater; and
   iv. Any record of a complaint received by the government regarding the Facility.

22. **Inspections.** Defendants agree to grant site access to representatives of Riverkeeper, including consultants acting on its behalf, to inspect the Facility for compliance with the General Permit and this Decree up to one (1) time per quarter (i.e., four (4) times per year) during the Term of this Decree (a "Site Inspection"). The Site Inspection shall occur during normal business hours. Riverkeeper shall provide Defendants with as much notice as possible, but at least forty-eight (48) hours' notice prior to a Site Inspection during wet weather, and seventy-two (72) hours' notice prior to a Site Inspection during dry weather. During a Site Inspection, Defendants shall allow Riverkeeper and/or its representatives access to all parts of the Facility and the Facility's SWPPP, stormwater monitoring records, and nonprivileged reports and data related to stormwater monitoring at the Facility. During a Site Inspection, Riverkeeper's representatives may collect samples of stormwater, sediment, materials, or other substances. Riverkeeper shall be permitted to take photographs and/or video recording during any Site Inspection pursuant to this Paragraph. If Riverkeeper takes photographs and/or video recording, Riverkeeper shall provide Defendants with the photographs and/or video within fourteen (14) calendar days after the Site Inspection.

23. **Additional Inspections.** Should any noncompliance with the General Permit or the terms of this Decree be noticed by Riverkeeper pursuant to Section XI, Defendants will provide the opportunity for one (1) additional site visit per month until the Facility is fully compliant with the General Permit and this Decree, and the Parties will follow the procedures outlined for corrective action in Section V. Defendants do not through this process admit that the noncompliance alleged by Riverkeeper has occurred, and Defendants retain the right to contest any alleged violations.

## V. EXCEEDANCES AND VIOLATIONS

24. **Reporting Exceedances of Numeric Effluent Limitations and Benchmark Monitoring Cutoff Concentrations.** Notwithstanding the annual reporting schedule set forth in Section IV, if at any point during the Term of this Decree the analytical results of any sample for any parameter exceeds any applicable *numeric effluent limitation* or *benchmark monitoring cutoff concentration* established in the General Permit, Defendants shall report the event to Riverkeeper and provide the analytical results within fifteen (15) days of receiving the analytical results.

25. **Corrective Action Plan.** Where an effluent limitation or benchmark monitoring cutoff concentration is exceeded, where a violation of the Operative SWPPP or the General Permit is identified, or when Riverkeeper provides Defendants notice of non-compliance with the terms of this Decree, Defendants agree to take responsive actions to improve stormwater management practices, including re-evaluating structural and non-structural BMPs and considering additional BMPs aimed at curing the violation and/or reducing pollutant levels observed in samples. Within thirty (30) days of discovering such exceedance or non-compliance, Defendants shall provide Riverkeeper with a Corrective Action Plan containing the following information:

    a. Identification of any constituent that experienced an exceedance and/or the condition that caused the violation or non-compliance;
    b. Explanation of the possible cause(s) and/or source(s) of the exceedance, violation, or non-compliance; and
    c. Responsive actions to improve stormwater management practices, including modified or additional feasible BMPs to be considered to further reduce the possibility of future exceedance(s) or violations, and the proposed dates that such actions will be taken.

    Defendants shall complete all responsive actions within twelve (12) weeks of discovery, unless Riverkeeper concurs to an extended timeline for completion. Any concurrence or failure to object by Riverkeeper shall not be deemed to be an admission of the adequacy of such measures should they fail to bring the Facility's stormwater into compliance with applicable water quality criteria or the Clean Water Act's technology-based standards requiring industrial stormwater discharges to be controlled to the level achievable by the best available technology economically available.

## VI. PAYMENTS

26. **Environmental Benefit Payment.** Should Defendants fail to provide information or any required documentation to DEC or Riverkeeper by the deadlines required by the General Permit or this Decree, and continue to fail to provide such information within thirty (30) days of Notice of such failure by Riverkeeper, Defendants shall make a payment of five hundred dollars ($500) for each instance of failure to provide information and/or documentation and/or missed deadline. Payments shall be made to Groundwork Hudson Valley for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration

of, or other benefit to, the Saw Mill River or Hudson River watersheds.  Payment of each amount shall be due fourteen (14) days following each missed deadline. Defendants shall concurrently notify Riverkeeper each time a payment is made and provide a copy of each check and the tracking number.  None of these payments shall be disbursed to Riverkeeper.

27. **Fees, Costs, and Expenses.**  Defendants shall pay a sum of twenty-five thousand dollars ($25,000) as full and complete satisfaction of Riverkeeper's claims for attorneys' fees and costs incurred to date, including investigative and expert costs.

28. **Compliance Oversight Fees and Costs.**  Riverkeeper will incur costs in order to monitor Defendants' compliance with this Decree, including but not limited to costs incurred by Riverkeeper or their counsel or consultants to conduct site inspections, collect or review water quality sampling data, review annual reports, and discuss with representatives of Defendants any potential changes to compliance requirements, preparation and participation in mediation, and similar activities. To help defray these costs, Defendants agree to pay Riverkeeper's fees and costs in an amount not to exceed six thousand dollars ($6,000) through the Term of this Decree.  Any funds not used during the Term of this Decree shall be refunded to Defendants.

29. **Payment Schedule.**  Defendants shall deliver payments under Paragraphs 27 and 28 in two equal installments of fifteen thousand five hundred dollars ($15,500).  Defendants shall deliver the first payment on or before July 31, 2023 and the second payment on or before July 31, 2024.  A check shall be sent via certified mail, or similar service with tracking and shall be payable to "Super Law Group, LLC Attorney Trust - IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Riverkeeper.  The first payment shall be directed to fees and costs under Paragraph 27, and the second shall be directed to fees and costs under Paragraphs 27 and 28.

30. **Acceleration.**  In the event that any payment owed by Defendants under the Decree is not made on or before the due date, Defendants shall be deemed in default of their obligations under the Decree and all of the outstanding payment obligations under this Decree shall be accelerated such that they shall be immediately due and owning notwithstanding any payment schedule set forth in this Decree.  In addition to a continued requirement to make the payment, Defendants shall pay to Super Law Group liquidated attorneys' fees of one hundred ($100) dollars per day for every day that the payment is late.  Defendants shall have thirty (30) days to cure a failure to make a timely payment.  If Defendants cure the failure during that period, the penalty in this paragraph shall not apply, but if Defendants do not cure its failure during that fourteen (14) day period, the liquidated attorneys' fees shall be calculated from the original payment due date.  If Defendants fail to make payment in full within thirty (30) days of the original payment due date, Riverkeeper may move the Court to enter Judgment against Defendants.

## VII. EFFECT OF DECREE

31. **Riverkeeper's Release of Liability.**  Upon Court approval and entry of this Consent Decree, Riverkeeper covenants not to sue and releases Defendants (including their representatives, assigns, agents, employees, officers, attorneys and consultants) from any and all claims, causes of action, or liability under CWA Section 505, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, or any other claim or relief (a) relating to or resulting from allegations and claims set forth in the Notice Letter, and (b) for any past violations at the Facility of the Clean Water Act's stormwater provisions alleged, or that could have been alleged, in the Complaint.  This Paragraph does not constitute a waiver or release of any claims relating to the enforcement of this Decree.

32. **Reservation.**  Riverkeeper does not waive its right to bring a future action based on stormwater discharges that occur after the Term of this Decree.

33. **Defendants' Releases of Liability.**  Defendants release and discharge Riverkeeper and its representatives, assigns, agents, employees, officers, attorneys and consultants, including those who have held positions in the past, from any and all claims, liability, demands, penalties, costs, and causes of action of any nature which concern or are connected with this action.

34. **Compliance with Law.**  Riverkeeper does not by consent to this Decree warrant or aver in any manner that Defendants' compliance with this Decree shall constitute or result in compliance with federal or state law or regulation.  Nothing in this Decree shall be construed to affect or limit in any way the obligations of Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Decree.

35. **Impossibility of Performance.**  Where implementation of the actions set forth in this Decree within the agreed deadlines becomes impossible, despite the timely good faith efforts of the Parties, the Party who is unable to comply shall notify the others in writing within fifteen (15) days of the date that the failure becomes apparent and shall describe the reason for the non-performance.  The Parties agree to meet and confer in good faith concerning the non-performance and, where the Parties concur that performance was or is impossible, despite the timely good faith efforts of one of the Parties, new performance deadlines shall be established.  If the Parties cannot timely agree upon the terms of such a stipulation, the Parties shall follow the Dispute Resolution Procedure outlined in Section X.

## VIII. FEDERAL REVIEW OF DECREE

36. **Review by United States.**  The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Decree by the Attorney General of the United States and the Administrator of the EPA. Therefore, upon signing of this Decree by the Parties, Riverkeeper shall serve copies of this Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R.

§ 135.5. If for any reason the United States should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Decree raised by the United States.

37. **Entry of Order.** Upon the expiration of the forty-five (45) day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Decree. If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Decree raised by the Court.

## IX.   MODIFICATION AND ENFORCEMENT OF DECREE

38. **Modification in Writing.** This Decree may be modified only upon written consent of the Parties and the approval of the Court.

39. **Continuing Jurisdiction of the Court.** This Court shall retain and shall have jurisdiction over the Parties to this Decree for the resolution of any disputes that may arise under this Decree. This Court shall also allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree.

## X.   DISPUTE RESOLUTION PROCEDURE

40. **Meet and Confer.** Any disputes with respect to any of the provisions of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the Parties affected by the dispute to attempt to resolve such dispute.

41. **Motion.** If a dispute between the Parties cannot be resolved by informal negotiations, a Party may file a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The other Party shall have thirty (30) days to respond to the motion and propose an alternate resolution.

42. **Notice.** The moving Party shall provide the other Party with seventy-two (72) hours written notice prior to initiating court proceedings to enforce this Decree.

43. **Fee Awards.** In resolving any dispute arising from this Agreement, the Court shall have discretion to award attorneys' fees and costs. The relevant provisions of the Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the Court.

44. **Remedies.** The Parties acknowledge and agree that specific performance, declaratory relief, and injunctive relief are the only appropriate remedies for any breach of this Agreement, and under no circumstances shall monetary damages be allowed for any breach of this Agreement. EBPs, awards of fees and costs, and/or penalties payable to the U.S. Treasury are not damages.

## XI. MISCELLANEOUS PROVISIONS

45. **Entire Agreement.**  This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements, and understandings, whether oral or written, among the Parties.

46. **Notices.**  Any notice, demand, copies of documents, or other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing.  Notices shall be directed to the Parties at their respective addresses set forth below.  Notices given in the foregoing manner shall be deemed given: (a) if delivered by courier, when actually received or refused by the addressee; (b) if mailed, on the day of actual delivery as shown by the addressee's registered or certified mail receipt or at the expiration of three (3) business days after the date of mailing, whichever first occurs; or (c) if e-mailed, when acknowledged by the addressee.  Each Party shall promptly notify the other Party of any change in this contact information, including but not limited to a change in representation.

| Notices for Riverkeeper shall be sent to: | Notice for all Defendants shall be sent to: |
|---|---|
| Edan Rotenberg<br>edan@superlawgroup.com<br>and<br>Julia Muench<br>julia@superlawgroup.com<br><br>Super Law Group, LLC<br>222 Broadway, 22nd Floor<br>New York, NY 10038<br><br>Notices sent to the individuals listed above at the address listed above shall be deemed as notice to Riverkeeper. | Joseph Gentile Jr.<br>All about Recycling, Inc.<br>Gentile Construction Corp.<br>451 Old Nepperhan Avenue<br>Yonkers NY 10701<br>Jgentile72@gmail.com<br><br>David Engel<br>Gilchrist Tingley, P.C.<br>251 River Street<br>Troy NY 12180<br>dengel@gilchristtingley.com<br><br> Mark Millspaugh PE<br>Sterling Environmental Engineering, P.C.<br>24 Wade Road<br>Latham NY 12110<br>Mark.millspaugh@sterlingenvironmental.com<br><br>Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to all Defendants. |

47. **Authorization.**  Each person signing this Decree represents and warrants that s/he has been duly authorized to enter into this Decree by the Party on whose behalf it is indicated that the person is signing.

48. **Successors and Assigns.**  This Decree shall be binding upon and inure to the benefit of the Parties and their respective representatives, heirs, executors, administrators, successors, officers, directors, agents, attorneys, employees and permitted assigns.

49. **Transfer of Ownership.**  No transfer of ownership or operation of the Facility shall relieve Defendants of their obligation to implement the terms of this Decree unless (a) at least thirty (30) days prior to any transfer, Defendants provide notice of the proposed transfer to Riverkeeper and provides a copy of this Decree to the transferee; (b) the transferee agrees to undertake the obligations herein; and (c) the Parties move to amend this Decree to substitute the transferee for Defendants in this Decree.

50. **Interpretation.**  The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Decree, but shall be construed as if all Parties prepared this Decree, and any rules of construction to the contrary are hereby specifically waived.  The terms of this Decree were negotiated at arm's length by the Parties hereto.

51. **Headings.** The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

52. **Counterparts.**  This Decree may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The Parties authorize each other to detach and combine original signature pages and consolidate them into a single identical original.  Any one of such completely executed counterparts shall be sufficient proof of this Decree.  Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this Decree.  Copies of the original Decree, whether transmitted by facsimile or other means, shall be effective.

53. **Severability.**  In the event that any of the provisions of this Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

54. **Joint and Several Liability.**  Defendants are jointly and severally liable for all payments and obligations required under this Decree.

55. **Changes to the General Permit.**  Defendants will comply fully with the General Permit and any permit modification, individual permit, or General Permit reissuance applicable to the Facility during the Term of this Decree.

56. **Publicity**. Any public statement made by Defendants in any press release, in any oral or written material promoting Defendants' environmental or charitable practices or record, or in Defendants' Annual Reports that refers to Defendants' payments under this Decree shall include the following language: "Payments to this organization were made

pursuant to the settlement of a Clean Water Act enforcement suit brought by Riverkeeper, Inc."

57. **Findings.** The Parties attest and the Court, by entering this Consent Decree, finds that this agreement has been negotiated by the Parties in good faith; that settlement of this matter is in the public interest and in accordance with the Clean Water Act; and entry of this Consent Decree is fair and reasonable.

## XII. EXHIBITS

58. The following Exhibits are attached to this Decree and made a part hereof:

    a. Exhibit A: Stormwater Pollution Prevention Plan
    b. ~~Exhibit B: Payments held in escrow by Defendants' attorney through Effective Date~~
    c. Exhibit C: Schedule

Dated: 6/5/2023

All About Recycling, Inc.

By: Joseph Gentile Jr.
Title: CEO

Dated: 6/5/2023

Gentile Construction, Inc.

By: Joseph Gentile Jr.
Title: CEO

Dated: 6/5/2023

Joseph Gentile, Jr.

By: Joseph Gentile Jr.
Title:

Dated: 6/6/2023

Riverkeeper, Inc.

By: Victoria Leung
Title: Staff Attorney

13

The Effective Date for this Consent Decree shall be the date originally entered by the Court, July 26, 2023.

    ENTERED and DATED this  18  day of  March , 2023

                                                         _____
                                                    Honorable  Philip M. Halpern
                                                    United States District Judge

# EXHIBIT C: SCHEDULE

*This Schedule is intended for guidance purposes only.  In the event of a discrepancy between the language of the Decree and this Schedule, the language of the Decree controls.*

| Category | Requirement | Section | Deadline |
|---|---|---|---|
| Terms | Payments of $15,500 | VI | July 31, 2023<br>July 31, 2024 |
| | Term of Decree | I | Effective Date + 3 years |
| | Respond to Riverkeeper's request to meet and confer to resolve a dispute under the Decree | X | 72 hours |
| General Permit Coverage | Fully implement SWPPP; submit SWPPP Implementation Report to Riverkeeper | III | Effective Date + 3 months |
| Monitoring | Sampling of stormwater discharges for all applicable benchmarks | IV | Quarterly** |
| | Photographs of visual monitoring of stormwater discharges | IV | Quarterly |
| | Photographs of routine inspections of BMPs | IV | Quarterly |
| Ongoing Reporting to Riverkeeper | Amendments to SWPPP | III | 15 days |
| | Copies of inspection records, sampling results, photographs, BMP maintenance logs, and employee training logs | IV | Feb. 1 annually |
| | Copies of routine government reporting, e.g. ACR, DMR, certifications | IV | Feb. 1 annually |
| | Records of an exceedance, permit violation, government inspection report, or public or government complaint regarding the Facility | IV | 15 days |
| Upon exceedance, violation, or non-compliance | Notification in event of benchmark exceedance | V | 15 days |
| | Provide Riverkeeper with Corrective Action Memorandum for any exceedance | V | 30 days |
| | Complete all corrective actions responding to exceedance, and provide proof to Riverkeeper | V | 90 days |

*The Effective Date is the date this Decree was entered by the Court.

**As defined by the General Permit, Table IV.2, as follows:

| Quarter | Period | 28-day Deadline |
|---|---|---|
| Quarter 1 | January 1 – March 31 | April 28 |
| Quarter 2 | April 1 – June 30 | July 28 |
| Quarter 3 | July 1 – September 30 | October 28 |
| Quarter 4 | October 1 – December 31 | January 28 |

15